## PINCHOT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 288.

Circuit Court of Appeals, Second Circuit.

July 17, 1940.

Walter Frank and Samuel B. Seidel, both of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

This petition to review a decision of the Board of Tax Appeals presents primarily the question of whether or not a non-resident alien was engaged in business in this country at the time of her death within the meaning of Sec. 302(e) of the Revenue Act of 1926, 44 Stat. 9, 26 U.S.C.A.Int.Rev.Acts, p. 227, which provides that bank deposits of a non-resident not engaged in business at the time of death shall not be deemed property within the United States; and, secondarily, whether, if the decedent was then engaged in business here, her net estate for taxation should be determined by deducting the full amount of certain liens which the Board refused to deduct in full.

.The essential facts were stipulated and, so far as now important, are that the decedent, Antoinette Eno Johnstone, died July 1, 1934, a British subject and a non-resident. Much of her property in this country consisted of improved real estate in the City of New York owned in common by her and her two brothers of whom one is her executor and the petitioner herein. This real estate was made up of eleven parcels of which the decedent's share had a gross value of about one million dollars. The petitioner, Amos R. E. Pinchot, managed the properties for her and the third owner under broad powers of attorney which included also the management of certain personal property owned by the three. He bought and sold property for the co-owners in his discretion without consulting the decedent who did not personally take part in the transactions. This management "consisted of the leasing and renting of the properties when they became idle, collection of rents and payment of operating expenses, taxes, mortgage interest and other necessary obligations." Over a period of eighteen years five parcels of real estate had been sold and five had been purchased. There were no sales or purchases during the last three years before the decedent's death.

▆ Though the stipulation does not show the number or the amount of the transactions of the petitioner in managing these eleven buildings in New York, it is certain that they must have been considerable in both respects as well as continuous and regular. Their maintenance required the care and attention of the owners and the decedent supplied her part of that by means of her agent and attorney in fact. Richards v. Commissioner, 9 Cir., 81 F.2d 369, 106 A.L.R. 249. What was done was more than the investment and re-investment of funds in real estate. It was the management of the real estate itself for profit. Whether or not that was engaging in business within the meaning of federal tax statutes is a federal question which cannot be controlled by state decisions. Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410. It necessarily involved alterations and repairs commensurate with the value and number of buildings cared for and such transactions as were necessary constitute a recognized form of business. The management of real estate on such a scale for income producing purposes required regular and continuous activity of the kind which is commonly concerned with the employment of labor; the purchase of materials; the making of contracts; and many other things which come within the definition of business in Flint v. Stone Tracy Co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312, and within the commonly accepted meaning of that word. We think the Board was right in deciding that this decedent was engaged in business in this country at the time of her death. The bank deposits in the United States were, therefore, properly treated as property in this country. Our decision in Higgins v. Commissioner, 2 Cir., 111 F.2d 795, did not touch the question of real estate management as a business.

▆ Nor does it follow, as the petitioner contends, that if the decedent was engaged in business here her net taxable estate must be determined by valuing the property in the ordinary manner under Treasury Regulations (80 T.R.Art. 13(4)). That is, the value of the decedent's share in the real estate for purposes of taxation is not necessarily the net value of her share of the equity. Congress has provided how the value of the net American estate of a non-resident shall be determined. See § 303(b) (1) of the 1926 Revenue Act as amended, 26 U.S.C.A.Int.Rev.Acts, p. 232. A non-resident's estate situated here is to be computed for taxation by deducting from the gross that portion of the deductions allowed the estate of a resident decedent which the value of such part bears to the total gross estate, wherever situated, limited in amount, however, to a sum not to

exceed ten per centum of the value of the gross estate situated in this country. The petitioner has already been allowed a deduction to this extent and that is all to which he is entitled. Whether or not bank deposits are to be treated as property in this country does not control as to deductions but, instead, that subject is governed by a separate statute in which Congress has, as it might, made a separate classification. City Bank Farmers' Trust Co. v. Bowers, 2 Cir., 68 F.2d 909. The same limitation on deductions allowed estates of non-residents is applicable to all such estates and does not vary as they chance to be engaged, or not engaged, in business here at the time of death.

Affirmed.