Mary Louise Bok, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 105465. Promulgated March 17, 1942.

*Truman Henson, Esq.*, for the petitioner.
*Brooks Fullerton, Esq.*, for the respondent.

**OPINION.**

Leech: Respondent determined a deficiency in petitioner's income tax of $38,796.64 for the calendar year 1937. The issues submitted are the correctness of respondent's action in (1) including in petitioner's gross income for that year, the income received by a trust created by petitioner in 1932 and (2), denying petitioner the deduction of depreciation upon a residence property and its furnishings.

The facts were stipulated. We include by reference the stipula-

tion, together with the exhibits made a part thereof, as our findings of fact.

Petitioner is a resident of Philadelphia, Pennsylvania. Her return for the calendar year 1937 was filed with the collector of internal revenue for the first district of Pennsylvania. She is a woman of large means which she has, for many years, devoted in great measure to charitable purposes.

Petitioner, on September 14, 1932, created what was designated as the Caledonia trust, under a written trust indenture. By its terms this trust was irrevocable and was to expire on September 14, 1935, or upon the prior death of petitioner, with reversion of the trust corpus to petitioner or her estate. On November 13, 1934, under a written trust indenture, petitioner extended this trust until September 14, 1938, or her prior death, with reversion to petitioner or her estate. On December 22, 1937, petitioner extended this trust and divided it into two parts under two indentures of trust providing that the trust was to continue until the death of petitioner, with remainders over to charity. Each of the four indentures of trust carried the specific provision that the trust was irrevocable.

The corpus of the Caledonia trust at all times consisted of 91,000 shares of $7 cumulative preferred stock of the Curtis Publishing Co. This stock was duly transferred on the books of the corporation to the names of the trustees, pursuant to the trust, and all dividends thereon since September 14, 1932, have been paid by that corporation directly to these trustees.

Petitioner was not one of the trustees of the Caledonia trust nor did she retain control over them or over the trust corpus, income, policy, or investments.

It is admitted by respondent that no question of "family group" is here involved. The beneficiaries of the Caledonia trust were a charitable corporation and 33 aged, infirm, and other needy individuals, including a medical missionary, artists, a music student, a former actress, the well known blind and deaf mute, Helen Keller, cripples, invalids, and other deserving persons in need of financial assistance. None of the beneficiaries of the trust had legal claim to support by petitioner. None were related to her except six who were remote relatives, who received an aggregate of less than 6 percent of the trust income. Petitioner was under no obligation to make any gifts, payments, or donations to any of the beneficiaries. All of the income of the trust in each year has consisted of dividends, with the exception of a small amount of bank interest.

Petitioner is the widow of Edward W. Bok, who died January 9, 1930, and who at the time of his death owned a residence with furnishings at Mountain Lake, Florida. Under the will of her husband petitioner acquired these furnishings outright, together with

a life estate in the real property, with power of sale and with right of participation in the proceeds of any sale. Petitioner never occupied these premises after the death of her husband except for a few weeks in the winter of 1930–1931. On March 3, 1931, petitioner placed this property with brokers for sale and, on November 2, 1932, placed it with brokers for rent. By four written leases, the first executed December 20, 1934, she has since rented the premises furnished. The premises were so rented during the taxable year 1937. During that year, and prior and subsequent thereto, petitioner was engaged in renting other properties not residences of hers which she owned in fee or in which she had life estates with power of sale. During 1937, petitioner was also engaged in developing plans for subdivision and sale of another large tract of suburban real estate which was not her residence and in which she held a life estate with power of sale.

Respondent contends that petitioner is taxable upon the income of the so-called Caledonia trust. The sole basis for this determination, as set out in the deficiency letter, was section 166 of the Revenue Act of 1936. In his answer to the petition, he asserts the additional liability under sections 22 (a) and 167 of that act. However, neither at the hearing nor on brief does respondent urge section 166 or section 167 as the basis for liability. Thus it may be assumed that he has abandoned his contentions under these sections. However, it may be observed that under the stipulated facts the Caledonia trust was irrevocable, no part of the contested income was subject to accumulation for future distribution to petitioner, and that trust therefore does not fall within the provisions of either section.

With respect to respondent's argument that petitioner is taxable upon this trust income under section 22 (a), *supra*, his theory is that if petitioner had not executed the trust but had received the income directly and then distributed it by gift to the beneficiaries, she would have been taxable on such income, therefore she is taxable here, regardless of the interposition of this trust, since she should not be permitted to do indirectly what she can not do directly.

One justification for this theory is said to be that this trust may have been created to avoid income tax. Aside from the fact that the evidence does not support this assumption, the taxpayer's right to such avoidance by legal means has been sustained too often to require discussion. *Gregory* v. *Helvering*, 293 U. S. 465; *United States* v. *Isham*, 17 Wall. 496; 84 U. S. 728.

Respondent also contends that, because a short term trust was used here by petitioner, the question is controlled by the decisions in *Helvering* v. *Clifford*, 309 U. S. 331; *Harrison* v. *Schaffner*, 312 U. S. 579; *Helvering* v. *Horst*, 311 U. S. 112; *Commissioner* v. *Barbour*, 122 Fed. (2d) 165; and *Helvering* v. *Elias*, 122 Fed. (2d) 171. It is

urged that in these cases, although involving another application of the so-called short term trust doctrine, the board language used by the court warrants the application of that doctrine to other situations within which the facts here fall. We do not agree.

Here the grantor did not retain the semblance of control of the trust corpus, income, or operation. No family group was involved. Upon the existence of one or more of these conditions, the decisions in the cited cases rest. If the case of *Helvering* v. *Horst, supra,* has any application here, it is in the distinction which the Court draws between the situation there existing and one, where as here, a gift has been made of the property from which the income flows. Thus one example mentioned by the Court is the gift of a leasehold, in which case it is pointed out that the rentals are income to the donee of the leasehold, not to the donor.

Here the corpus of the trust consists of a definite, determinable estate in property. It was conveyed irrevocably in trust. No power of control was reserved by the petitioner, as grantor. It is a charitable trust. The beneficiaries were a charitable corporation and 33 aged, infirm, and needy individuals to whom petitioner owed no obligation of support. The normal expenditure of the income received by these beneficiaries could result in no economic benefit to petitioner. Any benefit petitioner may have received as a result of this transfer occurred upon the transfer to the trust. Petitioner has paid a gift tax on this transfer.

In its last analysis, respondent's theory would require that the income of every short term trust be taxed to the grantor of the trust, irrespective of the purpose for which the trust was created or the result effected. That Congress had any such intention in enacting section 22 (a), *supra,* we can not reconcile with its rejection of the recommendation by the Treasury, when the Revenue Act of 1934 was under consideration, that the income from short term trusts be made taxable to the creator of the trust. Revenue Revision 1934, Hearings Before the Committee on Ways and Means, H. R., 73d Cong., 2d sess., p. 151; *Helvering* v. *Wood,* 309 U. S. 344.

We sustain the petitioner. We do not think she is taxable upon the income of the Caledonia trust. *United States* v. *First National Bank of Birmingham,* 74 Fed. (2d) 360.

The second issue involves petitioner's claim for deduction of depreciation upon a residence in which she owned a life estate with power of sale and participation in the proceeds thereof. She also seeks to deduct depreciation upon the residential furnishings which were her property.

Respondent has disallowed any such deduction on the ground that the property had not actually been devoted to commercial use. However, petitioner has not occupied the property since 1931. In 1932,

she placed it in the hands of agents for sale and in 1933, for rent. Since that time it has been on the market for sale or rent. Petitioner has leased it on four separate occasions under written leases for a substantial rental and it was so leased during the taxable year 1937.

This history does not indicate that these rentals were casual and merely incidental to her retention of the property as her residence. It is true that conversion to commercial use is not accomplished merely by placing residential property in the hands of agents for sale or rental. Such conversion occurs upon its actual rental by a tenant. But this event actually occurred here on December 20, 1934. We reverse respondent on this issue. The basis for such depreciation is the fair market value of the depreciable property on that date. *Heiner* v. *Tindle*, 276 U. S. 582. The parties have stipulated the values necessary to this computation.

*Decision will be entered under Rule 50.*