## A. L. CARTER CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10979.

Circuit Court of Appeals, Fifth Circuit.

June 21, 1944.

Palmer Hutcheson and Robert K. Jewett, both of Houston, Tex., for petitioner.

John F. Costelloe, Sewall Key, and Helen R. Carloss, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

Petitioner, a Texas corporation, was for many years engaged at Beaumont, Texas, in the lumber business and in financing the building of houses. It furnished to customers who desired to build homes the necessary materials and funds, taking a first-lien note, payable in installments, for the indebtedness due. During the depression years following 1929, many notes became delinquent, and petitioner frequently found it necessary to foreclose its lien to protect its investment. It thus acquired several hundred houses, which were kept in repair and rented until a satisfactory sale could be made.

We are here concerned with petitioner's income taxes for the calendar years 1938 and 1939, when petitioner sold many of the houses it had acquired. During the years these properties had been held by petitioner, it had not deducted any amount on its income tax returns for depreciation thereon, and in computing its gain or loss upon each sale, the cost basis of each property was not adjusted to reflect depreciation. The Commissioner ruled that depreciation, whether taken or not, was allowable upon the properties during the period they were held by petitioner, wherefore he adjusted the cost basis to reflect depreciation, and assessed the deficiencies that gave rise to this litigation.

Section 22(a) of the Revenue Act of 1938, 26 U.S.C.A.Int.Rev.Acts, page 1008, provides that gross income includes gains or profits derived from dealings in property. Section 111(a) thereof, 26 U.S.C.A. Int.Rev.Acts, page 1041, provides that such gain shall be the excess of the amount realized from the sale of property over the adjusted basis provided in Section 113(b), 26 U.S.C.A.Int.Rev.Acts, page 1053, for determining gain. Section 113(b), thereof provides that the adjusted basis of property shall be the cost thereof adjusted for exhaustion, wear and tear, and obsolescence to the extent allowed (but not less than the amount allowable) under the applicable income tax laws. Section 23(l) thereof, 26 U.S.C.A.Int.Rev.Acts, page 1014, provides that in computing net income there shall be allowed as a deduction a reasonable allowance for the exhaustion and wear and tear of property used in the trade or business.

The Commissioner contends, and the Tax Court held, that these houses were property used in the trade or business of the taxpayer within the meaning of Section 23(l), supra, upon which depreciation was allowable, wherefore the cost basis of the properties was required to be adjusted to reflect such depreciation. The taxpayer argues that the houses did not constitute property used in its trade or business as to which depreciation was allowable. This is the decisive issue in the case.

Petitioner's business was not restricted to the sale of building materials, for it also undertook to finance construction. The financing program was not wholly disassociated from the lumber business, for its tendency was to increase greatly the sales of building materials; but if it was a distinct business, the taxpayer, by wholesale participation, engaged in both selling building materials and financing the construction of homes. The management and administration of foreclosed property is an essential ingredient of the business of financing. Indeed the taxpayer so treated these properties, for it returned its rentals therefrom as ordinary income, and deducted its expenditures for repairs and maintenance as ordinary and necessary business expenses. It was as much a part of the taxpayer's business to enforce payment for supplies purchased as it was to sell those supplies in the first instance. The properties were taken, used, maintained, and sold pursuant to its own plan for increasing its sales of materials and enforcing payment therefor. Depreciation deductions consistently have been allowed by the Commissioner and the courts with respect to

property held under similar circumstances.[1] We think these facts clearly demonstrate that the houses were property used in the trade or business of the taxpayer, and that the deficiencies assessed by the Commissioner were properly sustained by the Tax Court.

Petitioner also contends that the deficiencies were erroneously computed in the statement of deficiency issued by the Commissioner, or the deficiency assessment was based in part upon adjustments to net income of which no notice was communicated in the statement of deficiency. This issue was not litigated in the Tax Court, and no reference was made thereto in the specification of errors; it is raised for the first time before this court. The law is well settled that the Commissioner's determination is prima facie correct, and that the burden rests upon the taxpayer to show wherein the Commissioner's assessment is erroneous. This burden the taxpayer did not attempt to carry below, and the record contains no evidence upon which the contention may be sustained here.

The decision of the Tax Court is affirmed.

---

[1] Cf. Richards v. Commissioner, 981 F.2d 369, 106 A.L.R. 249; Fackler v. Commissioner, 6 Cir., 133 F.2d 509; Robinson v. Commissioner, 3 Cir., 134 F.2d 168; Brooks v. Commissioner, 12 B.T.A. 31; Bok v. Commissioner, 46 B.T.A. 678; Bulletin F, Bureau of Internal Revenue, 1920, pages 7, 8.