## GILFORD v. COMMISSIONER OF INTER-
NAL REVENUE.
### No. 48, Docket 22412.

United States Court of Appeals
Second Circuit.

Argued Jan. 14, 1953.

Decided Feb. 5, 1953.

Harry Friedman, Washington, D. C., for petitioner.

Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack and S. Dee Hanson, Sp. Assts. to Atty. Gen., for respondent.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The question presented by this appeal is whether a loss from the sale of real estate which the petitioner sustained in 1944 was an ordinary loss and deductible only in that year or a capital loss which could be carried over to later years pursuant to I.R.C. § 117 (a) (11), (e) (1) as amended by § 150(c) of the Revenue Act of 1942, 26 U.S.C.A. § 117(a) (11), (e) (1).

The real estate involved is an improved block front, Nos. 720–734 Third Avenue in the City of New York, consisting of eight buildings on eight pieces of land. The ground floors of all the buildings were rented and used as stores, and the upper floors of seven of the buildings were rented and used as apartments. The other building was closed above the first floor because it did not comply with the New York multiple dwelling law. The petitioner owned one-sixth interests in Nos. 720 and 722 and one-fourth interests in Nos. 724, 730, 732 and 734, which she acquired in the following manner.

In 1928 she inherited under the will of her father one-eighth of his interest in the block front, which was a fee ownership of No. 724 Third Avenue and a one-third interest as tenant in common of Nos. 720 and 722 Third Avenue. In 1943 the petitioner acquired an additional one-eighth interest in such estates in the properties as remainderman of a trust established by her father's will. The petitioner's uncle, at the time of his death in 1931, owned Nos. 730, 732 and 734 in fee and one-third interests as tenant in common of Nos. 720 and 722. In 1933 the petitioner acquired a one-fourth interest in these estates as remainderman

of a testamentary trust set up in her uncle's will.

Two sisters of the petitioner and another person acquired similar interests in all this property at the same time and in the same way as did the petitioner.

She and the other owners placed the properties as a unit in charge of a firm of real estate agents, which managed the properties and accounted to each of the owners for his or her share of the net income.

The block front was sold as a unit in 1944 and the petitioner sustained a loss of $130,-358.36 on her fractional interest. She reported it as an ordinary loss deductible only in 1944; but she later filed an amended return for 1944 in which she showed a net long-term capital loss, and in 1945 she took a loss carry-over deduction. The Commissioner disallowed the deduction in her 1945 return, and the assessment of a deficiency was sustained by the Tax Court.

The Tax Court's determination is correct if the properties were not "capital assets" within the meaning of § 117(a) (1). That section excludes from the definition "real property used in the trade or business of the taxpayer." So the sole question is whether the petitioner was engaged in a "trade or business."

Although it does not appear that the petitioner did anything herself in connection with the management of these eight buildings, an appreciable amount of time and work was necessarily required on the part of the managing agent. And if such management was a "trade or business," the petitioner was so engaged although she acted only through an agent.

 Her share of the net income from the property was $703.27 in 1944, but the record does not show what was the gross income in that year or in any other years in which she held an interest in the property. During all the time from 1928 to 1944 it is to be taken for granted that her purpose while she held her interest was to get what income she could from rentals. That required not only the maintenance of the eight buildings in rental condition but also the supplying of such services for the tenants as were needed to rent them to good advant-

age. Such necessarily regular and continuous activity falls within the concept of trade or business as that phrase is used in the relevant statute. Fackler v. Commissioner, 6 Cir., 133 F.2d 509; Pinchot v. Commissioner, 2 Cir., 113 F.2d 718, where it was pointed out that Higgins v. Commissioner, 2 Cir., 111 F.2d 795, is distinguishable. Cf. Maloney v. Spencer, 9 Cir., 172 F.2d 638; A. L. Carter Co. v. Commissioner, 5 Cir., 143 F.2d 296.

The petitioner has cited our decision in McClellan v. Commissioner, 2 Cir., 117 F.2d 988, in support of her broad assertion that "an interest in a partnership is a capital asset"; and on that premise she has argued that she was in a partnership with her co-tenants in common in the real property and consequently sustained a loss on the sale of a capital asset. The short answer to this assertion is that even though the assertion were not, as it is, too broad to be accepted as a premise, the conclusion is unsound since the mere holding of business property by tenants in common does not make such tenants partners in the tax sense, in the absence of any showing of an intention to become partners.

Affirmed.