**Elli REINER, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 11240.**

United States Court of Appeals Seventh Circuit.

June 1, 1955.

H. Brian Holland, Asst. Atty. Gen., Marvin W. Weinstein, Atty., U. S. Dept. of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Chicago, Ill., Ellis N. Slack, Robert N. Anderson, Sp. Assts. to Atty. Gen., for appellant.

Harold R. Burnstein, John W. Hughes, John E. Hughes, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

DUFFY, Chief Judge.

Taxpayer, a resident of Chicago, Illinois, brought this action in the District Court to recover income taxes paid for the years 1943 to 1946, inclusive. From a judgment in favor of the taxpayer the government appealed.

In 1938 taxpayer was the owner of a house and lot located in Vienna, Austria. The Nazi government, by Act of November 25, 1941, confiscated the property of all Jews who had left Germany or countries controlled by Germany. At that time Austria was a country controlled by Germany. Taxpayer, who is Jewish, had left Austria in May, 1938.

Construction of taxpayer's house was completed in 1937 at a cost of $60,000. Thereafter, until she left Austria in May, 1938, the house was used partly as her residence and partly as the medical offices of her husband, Dr. Herbert Reiner. When taxpayer left Austria she appointed Dr. Bruno Erhardt to manage the property for her and he rented it to several tenants. No rental payments were actually received by taxpayer, and she did not account for same in her income tax returns.

During a bombing raid on Vienna on December 18, 1944, a bomb struck and severely damaged taxpayer's house. By the Act of May 15, 1946, the Austrian government declared null and void all

transfers by which the Nazi regime had deprived the local owners of property for political or racial reasons.

The District Court found that immediately preceding the bombing, the adjusted basis for tax purposes of taxpayer's building was $51,054.40. The Court also found that in 1944, as a result of the bombing, taxpayer suffered a loss of $36,228.20. The Court concluded that taxpayer's net operating loss may be carried back and carried forward and applied against taxpayer's reported income for the years 1942, 1943, 1945 and 1946 under § 122 Internal Revenue Code, 26 U.S.C.A. § 122.

The government argues the loss due to partial destruction by bombing in 1944 was not deductible in that year. The government insists that if taxpayer suffered only loss, it was deductible only in the year 1941, either as a loss under § 23(e), or as a war loss under § 127(a) (2) of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 23(e), 127(a) (2). On the other hand, taxpayer argues that under Austrian law, the seizure of her property was void *ab initio,* hence she was the owner thereof in 1944 when the damage actually occurred. The District Court made a finding of fact that taxpayer was the owner of the property in 1944.

■ The government cites and relies upon United States v. S. S. White Dental Manufacturing Co., 274 U.S. 398, 47 S.Ct. 598, 600, 71 L.Ed. 1120. There, the taxpayer claimed a deduction for a loss in 1918 because of a seizure in World War I. The Commissioner refused to allow the deduction. The Supreme Court held for the taxpayer and stated: " * * * The taxing act does not require the taxpayer to be an incorrigible optimist." We agree with the argument of taxpayer here that the Taxing Act does not require her to be an incorrigible pessimist. Although the cited case is authority for the proposition that Mrs. Reiner could have taken the deduction in 1941, yet, it is not authority for the proposition that she is prevented from taking the casualty loss in the year such loss oc-

curs, when a subsequent event demonstrates that she was, in fact, the owner of the property in 1944.

■ The government's contention that taxpayer should have taken the deduction in 1941 as a war loss under § 127 (a)(2), cannot be sustained. This section refers specifically to the date when war was declared, in the case of Germany, December 11, 1941. Taxpayer's property had been seized prior to that date. In Rozenfeld v. Commissioner of Internal Revenue, 2 Cir., 181 F.2d 388, the court held the taxpayer could not take the deduction for a loss under § 127(a) (2) where such loss occurred by reason of seizure of property by the German Army prior to the date of the declaration of war on Germany.

The government complains taxpayer did not meet the burden of proof as to the amount of damage to her property done by the bombing. We think the Court's finding as to the amount of loss is sustained by substantial evidence.

The question is raised by the government whether, under § 122 of the Internal Revenue Code of 1939 taxpayer should be allowed to carry back and carry forward the loss. The government answers this question in the negative, claiming that the loss was not attributable to the operation of a trade or business regularly carried on by taxpayer.

In the case of LaGreide, 23 T.C. 508, taxpayer inherited a residence which she then rented out. The Commissioner there argued the rental of this single piece of residential property amounted to the operation of a trade or business regularly carried on by the taxpayer. The Tax Court agreed, saying: "It is clear from the facts that the real estate was devoted to rental purposes, and we repeatedly held that such use constitutes use of the property in trade or business, regardless of whether or not it is the only property so used. (Citing cases.) We add that the use of the property in trade or business was, upon the facts, an operation of the trade or business in which it was so used (citing case). It is clear, also, that the business was 'regu-

larly' carried on, there having been no deviation, at any time, from the obviously planned use."

Although the District Court did not state in so many words that taxpayer's loss was attributable to a trade or business, both parties in the court below briefed and argued the point, and the court made the following conclusion of law: "3. The aforesaid net operating loss may be carried back and carried forward and applied against plaintiff's reported income for the calendar years 1942, 1943, 1945 and 1946 under § 122 of the Internal Revenue Code." We think it is implicit in this conclusion that the Court held that taxpayer's loss was attributable to the operation of a trade or business regularly carried on by the taxpayer.

The government places considerable reliance upon Chicago Title & Trust Co. v. United States, 7 Cir., 209 F.2d 773. There is language in that opinion which appears to give some support for the argument of the government in the case at bar. However, the ruling in that case, and the principle of law announced, has been repealed by § 172 of the Revenue Code of 1954, 26 U.S.C.A. applicable to years after 1953. Certainly the rule there stated should not now be extended. Furthermore, we think that case is distinguishable from the case at bar upon the facts.

In Chicago Title & Trust, taxpayer was an executive officer in a clothing manufacturing business from which he received an annual salary of $40,000. Since 1921 he had invested his savings in real estate in order to realize rental income. He did not often sell any of his real estate holdings, but in the year 1944 he sold three properties because of deterioration of the communities where such properties were located. We sustained the trial court's findings that taxpayer's losses were not incurred in a business in which the taxpayer was regularly engaged. We held the taxpayer, in that case, was engaged in collecting his rents only incidentally to the protection of his investment in physical assets. The loss stemmed from a voluntary action on the part of the taxpayer.

In the case at bar the loss by bombing was attributable to taxpayer's business in the same manner as a fire loss or a loss by windstorm or flood. It was an involuntary loss.

We think the various findings of the trial court are sustained by credible evidence and that correct legal conclusions have been drawn.

Judgment affirmed.