OPINION. Fisher, Judge: The sole issue presented is whether the losses of the Henry L. Stern Trust upon sale of certain improved rental properties in 1945 and 1946 were capital losses or not. This, in turn, depends upon whether the properties were capital assets within the meaning of section lit (a) (1) of the Internal Eevenue Code of 1939. The provisions of section 117 (j) are not applicable because the losses were in excess of any gains. Leland Hazard, 7 T. C. 372 (1946). The relevant provisions of section 117 are as follows: SEC. 117. CAPITAL GAINS AND LOSSES. (a) Definitions. — As used in this chapter— (1) Capital assets. — The term “capital assets” means property held by the taxpayer (whether or not connected with his trade or business), but does not include * * * property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1) * * *[1] As set forth in our Findings of Fact, the properties sold in 1945 and 1946 had been held and rented out by the trust over substantial periods of time, averaging in excess of 9 years, from the time of acquisition until the time of sale. We have repeatedly held that use of real estate for rental purposes constitutes use of the property in trade or business. Rosalie W. Post, 26 T. C. 1055; Anders I. LaGreide, 23 T. C. 508, 512 (1954); John D. Fackler, 45 B. T. A. 708, 713 (1941), affd. 133 F. 2d 509 (C. A. 6). See also Gilford v. Commissioner, 201 F. 2d 735 (C. A. 2, 1953) affirming a Memorandum Opinion of this Court. It is clear that the properties sold were of a character which was subject to the allowance for depreciation provided in section 23 (1) which expressly includes a “reasonable allowance for the exhaustion, wear and tear * * * (1) of property used in the trade or business, * * From the foregoing, it is apparent that the properties sold, in 1945 and 1946, are expressly excluded from the term “capital assets,” as defined in section 117 (a) (1) and the losses suffered are therefore not to be taken as capital losses. In view of this holding, it is unnecessary for us to discuss the further question of whether or not the properties were held by the taxpayer primarily for sale to customers in the ordinary course of business under section 117 (a) (1). The parties have stipulated that in the event we determine that the sales in question did not result in capital losses, the respondent’s determinations for the taxable years 1950 and 1951 are correct. The effect of the stipulation, in the light of our holding, is that the losses in question did not result in a capital loss carry-forward to 1950 and 1951. Decision will be entered for the respondent. Section 117 (a) (1) was amended by the Revenue Aet of 1950. The amended section Is applicable to the taxable year 1951 Involved herein, but changes neither the wording nor the substance of that portion of the section here applicable.