Thelma **WAGNER** and Melvin Goldman, Administrators with the Will annexed of the goods, chattels and credits which were of Constantin Wagner, Deceased, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

United States District Court
S. D. New York.
June 29, 1961.

Deane Ramey, New York City, for plaintiffs.

Morton S. Robson, U. S. Atty., New York City, for the United States. Myron J. Wiess, Asst. U. S. Atty., New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Plaintiffs, as administrators c. t. a. of the estate of Constantin Wagner, sue for refund of taxes paid by decedent for the year 1950, together with interest. The sole issue raised is whether certain losses from the sale of real property may be used in computing loss carry-back under the net operating loss carry-back provisions of Section 122 of the Internal Revenue Code of 1939. 26 U.S.C. § 122.

Both parties have moved for summary judgment pursuant to Rule 56, F.R. Civ.P., 28 U.S.C.

It is agreed that decedent sustained a loss of $74,234.80 in 1951 from the sale of two buildings located at 251 West 92nd Street and 223 West 77th Street in New York City.

Plaintiffs contend that this was a net operating loss arising from the business carried on by decedent and that therefore the excess over and above his gross income for 1951 can be carried back to 1950 under Section 122. This would entitle the taxpayer to a refund of the taxes paid for the latter year.

The Government, on the other hand, maintains that the carry-back provisions of Section 122 are inapplicable because the loss was "not attributable to the operation of a trade or business regularly carried on by the taxpayer." Section 122(d) (5) of the 1939 Code provides that losses not so attributable are allowable "only to the extent of the amount of the gross income not derived from such trade or business."

The undisputed facts, briefly stated, are as follows:

Decedent Wagner began purchasing real estate prior to 1921. He accumulated several parcels of property some time thereafter and then on occasions switched his holdings either by trading or by purchases and sales. In 1926, which was by far his most active year, he disposed of four pieces of property and acquired four others, among which were the two apartment houses, the sale of which in 1951 concerns us here.

After that his holdings were fairly constant. He purchased single parcels in 1927, 1930 and 1949, and sold the 1930 purchase in 1932 and two of the 1926 purchases some time prior to his death in 1955. Plaintiffs allege that he had interests in seven other properties during the course of his lifetime but they are unable to furnish the dates of the acquisition and disposal of these properties.

Wagner owned, as well, a glass business known as the Wagner Glass Works and located at 695 E. 132nd Street, the Bronx, New York (the parcel purchased in 1927). Plaintiffs maintain that the glass business was really only a hobby of the taxpayer and not his principal business. In fact, the small income derived from it seems to bear out this contention. The glass business showed profits in only five years between 1927 and 1955. However, whether business or hobby, the Glass Works are not of importance in this case since it is well established that for tax purposes a taxpayer can engage in more than one business at a time. Fackler v. Commissioner of Internal Revenue, 6 Cir., 133 F.2d 509; Commissioner of Internal Revenue v. Field, 2 Cir., 67 F.2d 876.

After 1927 the major portion of Wagner's income was derived from the rental of real property owned by him either personally or through a corporation, Wagner Building, Inc. Plaintiffs allege that he was actively engaged in the rental of his properties, the collection of rents, and the employment and supervision of personnel for maintenance and bookkeeping purposes. For purposes of its motion for summary judgment the Government concedes that Wagner was, in fact, in the business of renting and managing real estate.

On these facts it is plain that the properties sold by the taxpayer in 1951 were "real property used in his [the taxpayer's] trade or business" under Section 117(a) (1) (B) of the 1939 Code, and therefore were not capital assets as defined by that section. Gilford v. Commissioner, 2 Cir., 201 F.2d 735; Fackler v. Commissioner, supra.

Under Section 117(j) losses from sale of real property used in the taxpayer's business may be considered as losses from the exchange or sale of capital assets only if there are gains which exceeded the losses. Since there are no gains here the taxpayer's loss cannot be treated as a capital loss under Section 117(j).

The question here then is whether the loss is excepted by Section 122(d) from net operating loss available for purposes of carry-back under Section 122 (a) (1) (B).

In view of what has been said it is plain that this is not a loss from the sale or exchange of capital assets which is expressly excepted from net operating loss and thus excluded from loss carry-back consideration by Section 122(d) (4).

Section 122(d) (5) excepts from net operating loss available for purposes of carry-back any loss which is "not attributable to the operation of a trade or business regularly carried on by the taxpayer." If the loss under consideration here is not so attributable it cannot be used in calculating net operating loss for carry-back purposes.

■ Under Gilford v. Commissioner of Internal Revenue, supra, the property sold by the taxpayer was clearly used in his trade or business since it was one of the sources of the rental income which he obtained from his business. However, this does not solve the problem. It does not necessarily follow that because real property is *used* in the taxpayer's business, losses from its sale are "attributable" to the "operation" of that business. Lazier v. United States, 8 Cir., 170 F.2d 521, 9 A.L.R.2d 324.

■ Had Wagner been in the business of buying and selling real estate plainly the loss would have been attributable to the operation of his business. Marsch v. Commissioner, 7 Cir., 110 F.2d 423. However, that is not the case here. This taxpayer was not engaged in the business of buying and selling real estate. He never held a real estate broker's license and in fact employed a broker to handle the sales under consideration here. His sales of real property were sporadic and quite rare. There is no indication that he ever sold property at a profit or that any of his sales resulted in income.

What the taxpayer was engaged in was the business of renting and managing the real property which he held. The property held was used in this business. But the purchases and sales of the property so held were not part of the normal everyday operation of the business of renting and managing real property.

■ The loss from such sales is not attributable to the *operation* of the business *regularly* carried on by the taxpayer. It therefore may not be taken into account in calculating the net operating loss from such operation, and thus is not available for carry-back purposes.

In Appleby v. United States, 116 F. Supp. 410, a case almost squarely in point, the Court of Claims held to the same effect. I agree with its well reasoned opinion. See, also, Lazier v. United States, supra.

■ This conclusion is consistent with the purpose of the loss carry-back provisions in the statute. In Dalton v. Bowers, 287 U.S. 404, 53 S.Ct. 205, 77 L.Ed. 389, the Supreme Court dealt with precisely the same language as was used in Section 122(d) (5). It quoted with approval the Second Circuit below (56 F. 2d 16) to the effect that (287 U.S. at page 408, 53 S.Ct. at page 206):

"By the statute * * * Congress intended to give relief to persons engaged in an established business for losses incurred during a year of depression in order to equalize taxation in the two succeeding and more profitable years. *It was not intended to apply to occasional or isolated losses * * *.*" (Emphasis supplied.)

It may be noted, moreover, that Congress, when it broadened carry-backs in the 1954 Code, was well aware that carry-back provisions of the 1939 Code had been construed by the courts so as to exclude situations such as that in the case at bar. 3 United States Code Congressional and Administrative News, 83d Cong., 2d Sess. (1954), p. 4663.

■ Carry-back provisions were designed as an averaging device for the

benefit of those engaged in businesses in which there was normal fluctuation with alternating profits and losses. See H. Rep.No. 855, 76th Cong., 1st Sess., p. 9. They were not, at least under the 1939 Code, designed to equalize all business losses or to include such sporadic transactions as were involved in the case at bar.

I therefore hold that, under Section 122(d) (5) of the Code of 1939, the loss claimed by the taxpayer from the sale of the two parcels of real property in 1951 is not attributable to the operation of his business and may not be carried back to the prior year.

The Government's motion for summary judgment will therefore be granted and judgment will be entered accordingly.

It is so ordered.