COOPER TIRE & RUBBER COMPANY EMPLOYEES' RETIREMENT FUND, W. Robert Brewer, R. Henry Davis and B. E. Esterly, Trustees, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 14676.

United States Court of Appeals Sixth Circuit.

Aug. 7, 1962.

James F. Kennedy, Jr., Toledo, Ohio, for petitioners, Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, on the brief.

Norman H. Wolfe, Dept. of Justice, Washington, D. C., for respondent, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before MILLER, Chief Judge, WEICK, Circuit Judge, and STARR, Senior District Judge.

PER CURIAM.

This case comes before us on petition to review the decision of the Tax Court of the United States. The facts were stipulated in that court and only a legal question was presented.

Taxpayer was an exempt employees' retirement trust created by Cooper Tire & Rubber Company. The trust purchased twenty tire manufacturing machines and one press from the manufacturer thereof for $344,800.00. The trust borrowed $200,000.00 of the purchase price from a bank and executed a chattel mortgage on the machines to secure the loan. The trust then leased the machines to the tire company for 10 years, with options to renew the lease for additional five year periods or to purchase the machines.

The question of law was whether the rental income received by the trust pursuant to the lease was taxable under Sections 511–513 of the Internal Revenue Code of 1954 (26 U.S.C., 1958 ed., §§ 511, 512, 513) as being income from an unrelated trade or business regularly carried on by it. The Tax Court held that the rentals received by the trust were taxable.

The trust contended that it did not regularly carry on the business of buying and leasing machines, but engaged in only a single transaction. It asserted that all it did was to make an investment from which it received a return in the form of rent.

There was no question but that the purchase and lease of the tire manufacturing machines by the trust was unrelated to its trust business.

The legislative history of the statutes, as pointed out by the Tax Court, indicated that they were directed primarily at unfair competition by tax exempt organizations with taxed business concerns.

Rentals from real estate (including personal property leased with real estate) were excluded from unrelated tax income by the provisions of Section 511 (b). The exclusion, however, was not unlimited and did not apply where the lease was for more than five years, and an indebtedness was incurred in acquiring the leased property. There was no exclusion in the statutes in favor of leases of personal property.

■■ We do not think that a trust must necessarily engage in more than one venture in order to be regularly engaged in the business. Reiner v. United States, 222 F.2d 770 (C.A.7). Here was a transaction of considerable magnitude involving 21 pieces of equipment and extending over a period of 10 years or even additional periods of time. The trust was required to purchase tire manufacturing machinery, borrow money and execute a chattel mortgage to finance the purchase price. Mere purchase of the machinery did not produce the income. The trust had to lease the machinery, collect the rentals and make monthly payments on the bank note. To us the deal looks more like one to finance the entire purchase price of machinery needed by the tire company rather than a conventional investment for the trust. The statute prohibited loans by the trust to the tire company without adequate security. Section 503(a) (1) and (c) (1) of the Internal Revenue Code of 1954, 26 U.S.C. § 503(a) (1), (c) (1).

■ The trust further claims that its business comes within the exclusion provided by Section 513(a) (1) because no compensation was paid to anyone for services rendered the trust. Three of the officials of the tire company acted as trustees of the trust. In our judgment, the exclusion provided by Section 513(a) (1) does not apply to a trust. Section 513(b) which contains the "Special rule for trusts" applies under which there is no exclusion.

We think that the Tax Court was correct in ruling that the leasing activity was sufficient to constitute a trade or business regularly carried on by the trust, and not excluded by the statute, and that the rental income was unrelated business income within the provisions of Section 511.

The decision of the Tax Court is affirmed.