Bernice L. MERCADO and Lawrence H. Levy, as Trustees Under the Last Will and Testament of Meyer Vesell, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.
Feb. 13, 1963.

———◆———

Davidson, Sicher & Levy and Austrian, Lance & Stewart, New York City, George B. Levy and Mark J. Kronman, New York City, of counsel, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., Robert Arum, Asst. U. S. Atty., of counsel, for defendant.

LEVET, District Judge.

This is a motion for summary judgment by defendant, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiffs are the trustees of a residuary trust. On January 25, 1960, the plaintiffs paid a deficiency income tax for the calendar year 1954 in the amount of $6,612.40. On March 9, 1960, interest of $1,896.49 was paid on the deficiency. The deficiency asserted against the plaintiffs for the year 1954 was based on a determination by the Commissioner of Internal Revenue ("Commissioner") that a loss incurred by the plaintiffs upon a sale in 1953 of a parcel of income-producing real property, owned by the trust, was an ordinary loss and therefore the plaintiffs could not properly claim a capital loss carry forward in the year 1954 resulting from such loss. Plaintiffs allege that the Commissioner was in error and therefore bring this action pursuant to 28 U.S.C. § 1346(a) (1).

The parties have entered into a complete stipulation of facts; therefore, the sole question that remains is the validity of the Commissioner's determination.

Plaintiffs contend that the loss incurred by the sale of two loft buildings

in 1953 was a capital loss. They assert they properly reported the loss of $27,-555.72 on the sale of the property as a capital loss on the 1953 fiduciary income tax return and set off $1,000 of said loss against ordinary income for such year. On the 1954 fiduciary return, they argue, they properly carried over as a net capital loss deduction the balance of the loss from the sale amounting to $26,449.59, and deducted this amount from the capital gains realized by the trust during 1954.

The main thrust of plaintiffs' argument is that the activities of the trustees were not of such a nature as to constitute the carrying on of a "trade or business" within the meaning of Section 117(a)[1] and the loss incurred on the sale of the real property by the trust in 1953 was a capital loss from the sale of a capital asset.

In support of their argument plaintiffs contend that the acts of the trustees, as fiduciaries, were designed solely to conserve the income producing character of the property and to preserve these assets as a trust investment. Plaintiffs urge that there is no logical distinction between trustees holding assets such as real property and other assets such as securities.

Defendant contends that the Commissioner's decision was correct. I concur with this conclusion.

Section 117(a) (1) defines the term "capital asset" as "property held by the taxpayer (whether or not connected with his trade or business), but does not include— * * * property, used in his trade or business, of a character which is subject to the allowance for depreciation provided in section 23(l) * * *."

Since the income-producing real property sold by the plaintiffs was clearly subject to the allowance for depreciation provided in Section 23(l), the only question, as the plaintiffs concede, is whether the property in question was used in a "trade or business."

■ I am of the opinion that the plaintiffs, by renting the real estate, were engaged in a "trade or business." Courts have consistently held that the rental f real estate is a "trade or business" if the taxpayer-lessor engages in regular and continuous activity in relation to the property. Pinchot v. Commissioner, 2 Cir., 1940, 113 F.2d 718; Gilford v. Commissioner, 2 Cir., 1953, 201 F.2d 735. It has been held that a taxpayer who rents only a single parcel of real estate is engaged in the "trade or business" of renting real estate if his activities are regular and continuous. Reiner v. United States, 7 Cir., 1955, 222 F.2d 770. The fact that the plaintiffs employed agents to manage the real property does not make any difference. Pinchot v. Commissioner, supra. Gilford v. Commissioner, supra.

The plaintiffs have managed (through agents) substantial rental properties from 1938 to 1957. Their activities in relation to the properties were continuous and regular. Therefore, the trustees were engaged in the trade or business of renting real property. Henry L. Stern Trust v. Commissioner, 26 T.C. 1213 (1956).

■ Section 117(j) (2) of the 1939 Code, therefore, controls this case. Section 117(j) (2) provides that gains on the sale of property used in a trade or business are taxable at capital gain rates to the extent that such gains exceed losses from the sale of such property. Generally, gains from the sale of depreciable real property used in the trade or business of a taxpayer are taxable at capital gain rates to the extent that such gains exceed losses from the sale of the depreciable property. However, if the losses on the sales of depreciable real property used in the taxpayer's trade or business exceed the gains from sales of such property in any year, the losses are ordinary losses and are deductible against ordinary income.

---

[1]. The 1939 Code is applicable to the case at bar since the sale occurred in 1953.

Section 117(a) of the 1939 Code is now Section 1221 of the 1954 Code.

Accordingly, defendant's motion for summary judgment is granted and plaintiffs' cross-motion denied.

Settle order on notice.