**COFFIN v. UNITED STATES.**
**Civ. A. No. 1109.**

United States District Court
S. D. Alabama, S. D.
April 5, 1954.

Robert F. Adams (of McCorvey, Turner, Rogers, Johnstone & Adams), Mobile, Ala., for plaintiff.

Percy C. Fountain, U. S. Atty., Mobile, Ala., Donald P. Hertzog, Sp. Asst. to Atty. Gen., for defendant.

THOMAS, District Judge.

This is an action under Section 1346, Title 28 U.S.C.A., claiming refund of an alleged overpayment of taxes for the calendar year 1948. The alleged overpayment resulted from the determination of the Commissioner of Internal Revenue that certain income of the plaintiff was ordinary income, rather than income resulting from the sale of a capital asset; and that the plaintiff could not, by an amended return filed after the due date of the return, change to the installment method.

### Findings of Fact

1. T. J. Rester purchased a tract of land to which the plaintiff held an unrecorded deed. Litigation between Rester and Coffin over the ownership of this tract arose in the circuit court of Mobile County and, pursuant to an agreed settlement of this law suit in 1941, Rester and Coffin became jointly interested in two tracts of land, one tract being the one in controversy, and the other being a tract owned by Coffin for which Rester paid $150 per acre for an undivided one-half interest. Under the terms of the settlement, each became the owner of an undivided one-half interest in the two tracts, and the litigation was dismissed. As a part of the settlement agreement, the property was conveyed in trust to the American National Bank and Trust Company. Pursuant to the trust agreement, the property was to be subdivided and lots sold therefrom. The proceeds from said sales, after deduction of proper expenses, were to be equally divided and deposited to the accounts of Rester and Coffin, respectively. This arrangement prevailed until the plaintiff, in 1948, sold his interest to Rester, $1,000 being paid in 1948, and $9,000 in 1949. This sale conveyed to Rester the plaintiff's undivided one-half interest in the property held by the trust and his interest in amounts owing on the property previously sold.

2. During the existence of the trust agreement there was a joint loan made by the bank to Rester and Coffin, the proceeds of which were used for the development of the property.

3. At no time after the acquisition of the property, or during the existence of the trust, was the relationship between the parties referred to as a partnership. A partnership tax return was never filed; and Mr. Rester testified that he never considered their relationship to be that of partners. Though sales were made during the existence of the trust and the profits reported on the individual tax returns, neither party indicated that such profits were from a partnership.

4. The question of the existence and the first indication of the existence of the alleged partnership arose after the heretofore-mentioned sale by the plaintiff to Rester, and related to the taxable nature of the profit derived from the sale. The plaintiff treated such profit as a long-term capital gain, contending that it resulted from the sale of a partnership interest. This contention was disallowed by the Commissioner of Internal Revenue, who determined that the property involved did not constitute a capital asset within the meaning of Section 117(a)(1) of the Internal Revenue Code, 26 U.S.C.A. § 117(a)(1), and that the profit was taxable as ordinary gain.

After the tax controversy arose, the plaintiff, in a declaratory judgment proceeding in the Circuit Court of Mobile County, on November 19, 1951, had the existence of a partnership between the plaintiff and Rester from 1941–1948 formally declared. This proceeding was not contested, and the United States of America was not a party thereto.

5. A partnership did not exist between the plaintiff and Rester during the time in question. Pursuant to the settlement in 1941, the parties became tenants in common, each owning an undivided one-half interest in the property set forth in the agreement. They chose to avail themselves of the use of a trustee to facilitate the liquidation of their interest; but this use did not transform their status of tenants in common into partners.

6. The plaintiff, on March 15, 1949, filed his tax return, wherein the sale was treated as a closed transaction. By an amended return dated June 13, 1949, and received on June 20, 1949, the plaintiff attempted to change the reporting of the sale to the installment method. This attempted change was disallowed by the Commissioner. The sale could have been originally handled under the installment method. The sole question of this aspect of the case is the plaintiff's right to change, after the due date of the return, to the installment method.

### Conclusions of Law

■ 1. For the plaintiff in the instant case to avail himself of the capital gains provision, it is incumbent upon him to show that the sale was a sale of a partnership interest, and in order to do so he must establish his status as a partner within the meaning of 26 U.S. C.A. § 3797(a)(2). Bartholomew v. Commissioner of Internal Revenue, 8 Cir., 186 F.2d 315.

■ 2. The plaintiff has failed to sustain the burden of establishing the existence of a partnership within the meaning of 26 U.S.C.A. § 3797(a)(2).

■ The ownership of property by tenants in common does not make such tenants partners in the absence of an intention to become partners. Gilford v. Commissioner of Internal Revenue, 2 Cir., 201 F.2d 735; Appleby's Estate v. Commissioner of Internal Revenue, 41 B.T.A. 18, affirmed 2 Cir., 123 F.2d 700, on other grounds.

■ 3. The election of the method used in reporting the sale became binding upon the due date of the return. The taxpayer may not by an amended return thereafter change to the installment method. Pacific National Co. v. Welch, Former Collector of Internal Revenue, 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed. 1282; United States v. Kaplan, 304 U.S. 195, 58 S.Ct. 859, 82 L.Ed. 1285.

A judgment will accordingly be entered for the defendant.