LENA HAHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31917.    Filed April 30, 1954.

*Charles C. Shafer, Jr., Esq.,* and *Lancie L. Watts, Esq.,* for the petitioner.

*Thomas C. Thompson, Jr., Esq.,* for the respondent.

## OPINION.

MURDOCK, *Judge:* The Commissioner contends that Exilda had gross income in excess of $500 for each year and could not be a dependent under section 25 (b) (1) (C) of the Code. The petitioner argues that the gross income to which the Commissioner refers belonged to a partnership and was not gross income of the partners within the meaning of section 25 (b) (1) (C). The petitioner testified that there was no written agreement of partnership and "there aren't any terms" of a partnership agreement. A fair inference to be drawn from all of her testimony is that her only basis for thinking that there was a partnership is the fact that the rental properties were conveyed to her sister and herself as tenants in common. Tenants in common who rent their property are not ipso facto partners for tax purposes. *Estate of Edgar S. Appleby*, 41 B. T. A. 18, affd. 123 F. 2d 700; *Coffin* v. *United States*, 120 F. Supp. 9. The method of operation of the rental properties does not indicate a partnership for tax purposes rather than a mere tenancy in common. Cf. *Estate of R. L. Langer*, 16 T. C. 41, affd. 194 F. 2d 288. The record does not show that Exilda had less than $500 of gross income for either year.

Furthermore, it was clearly understood at the beginning of the trial of this case that there was in issue the question of whether more than one-half of the support of Exilda in each year was received from the petitioner. The petitioner was the only witness. She made no effort to give any exact figures but merely tried to approximate the expenditures about which she testified. Her counsel requests a finding that she spent the following amounts for the support of her sister in each year:

(1) $170 for special prescriptions.
(2)   720 as personal allowance ($60 per month).
(3)   300 for food (one-half of $50 per month).
(4)    72 for utilities.
(5)    36 for hospital and surgical insurance.

She testified that she spent approximately the amounts claimed in (1), (4), and (5) for the purposes indicated. She said their food bills averaged about $50 a month but she did not testify on the subject of their payment. She said she gave her sister about $60 per month for her personal use but also said Exilda used it to "Buy her clothes and quite often it went into household expenses." Her testimony does not justify findings such as (2) and (3). It seems reasonable to conclude, however, that in each year she spent about $650 for the expenses of her sister. Exilda gave the petitioner in return her lodging rent free and at the same time provided her own lodging and some cash towards her total support. The value of the lodging is not shown.

A part of the cash expended by the petitioner for the benefit of Exilda should be offset against the value of the lodging that Exilda furnished the petitioner in order to determine how much the petitioner contributed to the support of Exilda without adequate consideration in money's worth. If a proper rent would be even as much as that received for one of the duplex apartments the result would be fatal to the petitioner's contention. The record does not show the total amount of Exilda's support or that more than one-half of it was received from the petitioner as required by section 25 (b) (3) of the Internal Revenue Code.

Reviewed by the Court.

*Decision will be entered for the respondent.*

VAN FOSSAN and BRUCE, *JJ.*, concur in the result.
JOHNSON, *J.*, dissents.