Bluett J. Gaines and Evelyln S. Gaines v. Commissioner.
Gaines v. Commissioner
Docket No. 4513-62.
United States Tax Court
T.C. Memo 1964-175; 1964 Tax Ct. Memo LEXIS 162; 23 T.C.M. (CCH) 1020; T.C.M. (RIA) 64175; June 23, 1964
Evelyln S. Gaines, pro se, 23 Country Club Place West, Corpus Christi, Tex. Thomas S. Loop, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1959 in the amount of $132. The issue for decision is whether petitioners are entitled to a dependency exemption for the sister of Evelyln S. Gaines. Findings of Fact Petitioners, husband and wife residing in Corpus Christi, Texas, filed a joint Federal income tax return for the calendar year 1959 with the district director of internal revenue at Austin, Texas. Evelyln S. Gaines, hereinafter referred to as petitioner, contributed to the support of her mother, father, and her sister, Nora Lee Schubert. Petitioner's mother, father, and sister resided during *163 the taxable year 1959 in a home in Fort Worth, Texas, which was owned by petitioner's sister, Nora Lee Schubert. The fair rental value of the house in which petitioner's mother, father, and sister resided during the taxable year 1959 was $60 a month or $720 for the entire year 1959. Petitioner is a ticket seller with a railroad company. During certain vacation periods she worked in that capacity in Fort Worth, and while she was working in Fort Worth she and her daughter also lived in the home with her mother, father, and sister. During the year 1959 petitioner and her daughter spent approximately 3 months in Fort Worth living in the home with petitioner's mother, father, and sister, although they did leave several times during the period and return to Corpus Christi. During the year 1959 petitioner deposited in her sister's checking account a total amount of $1,592.56. Petitioner's sister used the funds in this checking account to pay the expenses of operating the Fort Worth household such as utilities and groceries, and also to pay incidental expenses for herself and her mother and father such as dentists' and doctors' bills, clothing bills, and gasoline for an automobile owned *164 by petitioner's sister. In addition, during the 3 months when petitioner lived in the home in Fort Worth she paid certain other household expenses. She paid three telephone bills of $7 each and bought some groceries which she took home to be used by the entire family, the total amount so spent being approximately $90. In addition to the amounts deposited to her sister's checking account and the incidental amounts petitioner spent for household expenses, petitioner in 1959 deposited $932.58 to a joint savings account of her sister, Nora Lee Schubert, and her father, Henry Schubert, with the intention that the money in such savings account would be available for use by her mother, father, or sister in case of some emergency such as illness. Petitioner's mother suffered from a mental illness and her father was elderly and in poor health. Petitioner's sister, Nora Lee Schubert, ran the house and looked after petitioner's mother and father. During the calendar year 1959 petitioner's mother and father each received $384 in social security benefit payments. The amounts of social security payments received by petitioner's mother and father were also deposited in petitioner's sister's checking *165 account along with the amounts which petitioner deposited in this account of her sister's, and the funds were intermingled. Petitioners on their income tax return for the taxable year 1959 claimed dependency exemptions for petitioner's mother, father, and sister. Respondent in his notice of deficiency disallowed one of the dependency exemptions claimed by petitioners with the explanation that petitioner did not furnish over one-half of the support for her sister, Nora Lee Schubert, and therefore was not entitled to the claimed dependency exemption. Opinion Section 152 of the Internal Revenue Code of 1954 includes in its definition of "dependent" a taxpayer's sister if over one-half of such sister's support for the calendar year in which the taxpayer's taxable year begins was received from the taxpayer. We have here the narrow question of whether petitioner's sister received over one-half of her support from petitioner during the calendar year 1959. The total amount expended in operating the household for petitioner's father, mother, and sister for the entire 12 months of the year 1959 and for petitioner and her daughter for 3 months of that year, and *166 also for incidental expenses of petitioner's mother, father, and sister for that year, was $3,191.56, consisting of the $1,592.56 deposited by petitioner in her sister's checking account, the $768 social security benefit payments of petitioner's mother and father, the $720 fair rental value of the house owned by petitioner's sister, and the $111 of telephone and grocery bills paid by petitioner. There is no evidence as to the total amount of personal expenses of petitioner's father, mother, and sister paid from petitioner's sister's checking account. Therefore, the record is not clear as to the total amount spent for operating the household such as groceries, utility bills, and incidental household expenses. If we assume that the incidental personal expenses of petitioner's mother, father, and sister were $100 each, the total household expenses would amount to $2,891.56. This total amount was expended for 3 persons 12 months a year each and two persons for 3 months a year each. If the $2,891.56 is divided by 42, the resultant monthly expenses of each person is approximately $70. On this basis petitioner's sister's yearly pro rata part of the household expense is $840. When the $100 *167 of personal expenses assumed for petitioner's sister is added to her pro rata share of the household expenses, the total is $940. Obviously, $720 is over one-half of this amount. If we assume personal expenses of petitioner's mother and father in excess of $100 each for the year 1959, which the record indicates was probably the situation because of their age and physical condition, the total support of petitioner's sister would be proportionately reduced, but her own contribution thereto would remain unchanged. The lodging for the family group furnished by petitioner's sister is a contribution to this extent of petitioner's sister toward her own support. It is tantamount to considering that the amount of $720 of the family funds were paid out of the pool for living expenses to petitioner's sister for rental of the house and replaced therein by petitioner's sister for her own support. See Lena Hahn, 22 T.C. 212, 214 (1954). Petitioner has not shown that the amount she placed in the joint savings account of her sister and father was support for either of them or for the two of them and her mother for the year 1959. No showing has been made that any portion of this fund *168 was actually used for any purpose in 1959. However, even if as much as one-half of petitioner's deposit to the joint savings account of her sister and father had been used for her sister's support in 1959, the total support of petitioner's sister would have been only $1,406.29 and $720 is over one-half of that amount. Petitioner has failed to establish that she furnished over one-half of her sister's support during the calendar year 1959. Decision will be entered for respondent.