PETER PAUL DeVERE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Vere v. Commissioner
Docket No. 4113-73.
United States Tax Court
T.C. Memo 1976-10; 1976 Tax Ct. Memo LEXIS 393; 35 T.C.M. (CCH) 28; T.C.M. (RIA) 760010; January 12, 1976. Filed Peter Paul DeVere, pro se. Thomas G. Schleier, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a deficiency of $1,162.90 in petitioner's income tax for the calendar year 1970. The parties have filed a stipulation of facts which, together with its accompanying exhibits, is incorporated herein by this reference. Petitioner resided in Chicago, Illinois, at the time he filed his petition in this case. In his 1970 return petitioner Peter Paul DeVere reported adjusted gross income in the amount of $8,642.34. The Commissioner's determination of deficiency rests upon five separate adjustments, four of which are in issue. All of the contested adjustments are connected with the family situation in the DeVere home during 1970, and concern dependency exemption *395 deductions claimed for petitioner's three siblings and his mother, head of household status, medical expense deductions, and a deduction for real estate taxes. During 1970, petitioner was living with his then recently widowed mother, his 17-year old brother Charles, and his two sisters Maggy and Bess, aged 19 and 21. His mother owned the unmortgaged house in which the family resided. Petitioner undoubtedly furnished the family with substantial moral and financial support. 1. Dependency exemptions deductions. As to petitioner's siblings, the stipulation of facts recites that Charles, Maggy and Bess received gross income during 1970 in the amounts of $1,100, $3,000 and $1,262, respectively. In the circumstances, we have no alternative but to sustain the Commissioner's disallowance of the three dependency exemption deductions which petitioner had claimed in respect of Charles, Maggy and Bess. Section 151(e)(1)(A), I.R.C. 1954, as it applied to the year 1970, explicitly rules out each of these deductions, since they could be available to petitioner only if the claimed dependent's "gross income for the calendar year in which the taxable year of the tax-payer begins is less than *396 $625". There is no escape from the plain words of the statute. As to the dependency exemption in respect of petitioner's mother it was incumbent upon petitioner to establish that he provided more than one-half of her support during 1970 in accordance with the requirements of section 152(a)(4). He presented no evidence from which we could make any finding that he in fact furnished that much support for her. The stipulation shows that she received Social Security and Veteran's Administration benefits in 1970 in the amount of $1,986, all of which were used by her for her support, and that she owned the family home which had an annual fair rental value of $4,200. The regulations plainly indicate that the value of such rent-free lodging must be considered as a contribution by the owner of the home to the support of each person who lived there. Section 1.152-1(a)(2)(i), Income Tax Regs. Therefore, petitioner's mother must be considered to have provided not only one-fifth of the rental value for the support of herself, but also another one-fifth for the benefit of petitioner which would have to be taken into account in determining whether he furnished more than one-half of her support. *397 Lena Hahn,22 T.C. 213. As sympathetic as we are to petitioner who obviously made sacrifices to keep his family together, we simply cannot find on the record before us that he supplied at least the required one-half of his mother's support in 1970. Accordingly, the Commissioner's disallowance of the dependency exemption deduction for petitioner's mother must be sustained. Victor Blanco,56 T.C. 512, 514; Rose D. Seraydar,50 T.C. 756, 760; James E. Stafford,46 T.C. 515; Aaron F. Vance,36 T.C. 547, 549; Tax Court Rules of Practice and Procedure, Rule 142(a). 2. Head of household. Petitioner filed his 1970 tax return claiming head of household status and computed his tax liability in accordance with the rates applicable to that category of taxpayer. Petitioner would be entitled to use the head of household rates only if, inter alia, he maintained a home which was the principal place of abode of a dependent of his, in respect of whom he was entitled to a deduction under section 151. Section 2(b). Since, as has been held above, there was no such qualifying dependent, the Commissioner's determination *398 that petitioner was not entieled to compute his tax using head of household rates must be sustained. 3. Medical expense deduction. Petitioner deducted $2,823.79 as medical expenses which he paid during 1970. The Commissioner disallowed the deduction in its entirety on the ground that the expenses - were paid for the medical care of individuals who do not qualify as dependents under sections 151 and 152 of the Internal Revenue Code and, therefore, are not deductible by you. Section 213 allows a taxpayer to deduct, subject to certain limits, amounts which he paid for his own medical care, or for the medical care of his spouse or his dependents. Although petitioner's return sets forth in detail the various medical expenses claimed (names of doctors, amounts, etc.), we have no way of knowing to which of the five persons in the DeVere household any of them pertained, and petitioner has not otherwise given us any breakdown. In the circumstances, we have no way of knowing to what extent this amount was expended for persons who did not qualify as dependents, and we must accordingly sustain the Commissioner's disallowance of this deduction. [1]
*399 4. Real estate taxes. Petitioner claimed a deduction of $602.32 for real estate taxes which he paid during 1970. These taxes were assessed on the DeVere home in Wheaton, Illinois. The home, however, was owned by petitioner's mother. Therefore, under applicable state law, she alone -- and not petitioner -- was liable for these taxes. Ill. Ann. Stat. ch. 120, sec. 508 (a) (Smith-Hurd 1970). Because taxes are deductible only by the person upon whom they are imposed, the Commissioner properly disallowed this deduction. Virginia M. Cramer,55 T.C. 1125, 1130; Section 1.164-1(a), Income Tax Regs.
Decision will be entered for the respondent.
Footnotes
1. On brief, petitioner states that "most of the deductible expenses were for medical expenses for the petitioner's mother". However, no such evidence appears in the record, and we were unable on the record to find that his mother qualified, as a dependent under section 152 of the Code. To the extent that the medical expenses were incurred for the benefit of his siblings, the record also fails to show that petitioner provided more than one-half the support of his siblings, which, if established, might furnish the basis for a finding of dependency under section 152 for purposes of qualifying for the medical deduction under section 213, notwithstanding that he was precluded by section 151(e) (1) (A) from taking a dependency exemption deduction↩ by reason of the fact that each of them had more than $625 gross income during the taxable year. Finally, the record does not show that any of the expenses were for petitioner's own medical care.