CHARLES J. THATCHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36646, 46445. Promulgated December 9, 1931.

*John F. McCarron, Esq.*, for the petitioner.
*L. W. Creason, Esq.*, for the respondent.

OPINION.

TRAMMELL: Respondent has determined deficiencies for the calendar years 1925 and 1926 of $234.71 and $224.94, respectively, and petitioner assigns as error respondent's action in disallowing, in each of said years, a deduction taken in the return filed as representing exhaustion of a patent based upon a value thereof of $86,000 as of January 1, 1920, and in failing to allow as a deduction for the year 1925, a reasonable amount of depreciation on a dwelling rented by him to a tenant for that year.

Petitioner is a resident of New York City and has spent many years in experimenting and developing and perfecting various devices and processes. Several patents have been granted to him.

On March 22, 1915, petitioner applied for letters patent upon a type of diaphragm separator designed for use in separating two liquids or chemicals in electrolytic processes. Letters Patent No. 1,291, 253 covering this device and process were granted to petitioner on January 14, 1919.

On April 9, 1915, petitioner granted to the General Filtration Company, Inc., a license under the aforesaid application and any letters patent which might be granted thereon for a minimum royalty of $500 per annum, and on February 16, 1920, granted to the Thatcher Process Company, Inc., a license to manufacture and sell " anthraquinone " under Patent No. 1,291,253, and also under four applications for patents recently filed by him and relating to the devices and processes of manufacture of anthraquinone.

The Thatcher Process Company agreed to pay petitioner a royalty of 5 per cent of its total sales, to be not less than $1,250 for each of the first four quarters and not less than $2,500 for each succeeding quarter year for the term of the contract.

For the years from 1917 to 1925, inclusive, petitioner reported royalties received totaling $63,891.84 and on his returns for the years 1922 and 1923 he took deductions for exhaustion of patents based on a valuation thereof of $93,500. For the years 1924, 1925 and 1926 he took similar deductions based on a valuation of $86,000. Such valuations were computed upon a base of probable future earnings from the patents. For the years 1925 and 1926, here involved, respondent has disallowed the deduction taken in the amount of $5,058.82 for each year.

Petitioner attempts to sustain the deduction taken for each year upon the basis of a valuation of $86,000 as of January 1, 1920, in respect to Patent No. 1,291,253. The proof adduced has been wholly upon the question of the value of this patent and we are left in ignorance as to its cost to petitioner.

By section 214 (a) of the Revenue Act of 1926, a taxpayer is granted a reasonable allowance for the exhaustion, wear and tear of property used in trade or business, including a reasonable allowance for obsolescence, and by sections 204 (a) and (c) of that act the basis upon which such allowance is to be computed in respect of any property acquired subsequent to March 1, 1913, is provided to be the cost thereof, except in respect to mines and oil and gas wells, these being specific exceptions in respect to which the depletion is allowable, based under certain conditions upon discovery value.

1132

Petitioner contends that he is entitled to exhaustion of this patent upon the basis of its value as a discovery, but the act in question makes no such allowance in respect to patents, and we must hold that the basis for any depreciation of this asset is the cost thereof to him.

*Charles H. Thompson et al.*, 2 B. T. A. 285; *Niagara Searchlight Co.*, 10 B. T. A. 922; *Rome Iron Mills, Inc.*, 10 B. T. A. 1202; *St. Louis Tin & Sheet Metal Working Co.*, 12 B. T. A. 723; *D. O. James Manufacturing Co.*, 17 B. T. A. 205; *H. H. Miller Industries Co.*, 17 B. T. A. 248.

There is no evidence in the record either of the full cost of this patent to petitioner, or of any item representing such cost, and accordingly in respect to this issue respondent's determination must be sustained.

Prior to 1925 petitioner purchased a dwelling in New York City for $38,000. During the year 1925 petitioner and his family were absent in Europe and for that year he rented the dwelling to a tenant, reporting in his return for that year a rental received in the sum of $2,940.43, less repairs of $353.86 and other expenses of $150, or a net profit of $2,436.57. Petitioner took no deduction on his return for depreciation on this dwelling.

Conceding that residential property may be converted into business property by rental (*Heiner* v. *Tindle*, 276 U. S. 582), and that depreciation might be allowable when rented, we have no basis upon which to determine the amount thereof. When residential property is converted into business property, it is the fair market value of the property at the time of conversion which represents the cost of the business property. Even conceding for the sake of argument that the rental for one year constituted such a conversion, there is no evidence of its then market value, and thus no evidence of the proper basis upon which depreciation should be allowed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MURDOCK concurs in the result only.