## HICKMAN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6672.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 12, 1953.

Decided Oct. 14, 1953.

Alfred M. Hickman, pro se.

Joseph F. Goetten, Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack, Sp. Asst. to Atty. Gen., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

■■ This is a petition to review a decision of the Tax Court involving deductions from income taxes for the year 1945. Taxpayer owned a cottage in Cape May, New Jersey, which he had been renting for several years and which had acquired the status of business property. The cottage and contents were damaged by a storm in September 1944 and taxpayer made repairs the following year upon which he expended $3,059.18. He claimed a casualty loss for the year 1945

on account of the storm damage, but the Commissioner refused to allow it for that year but did allow a deduction on account thereof for the year 1944. This was affirmed by the Tax Court. Taxpayer complains because he was not allowed the deduction for the year 1945 instead of 1944 and because it was not allowed in a larger amount. He complains, also, because a higher value was not put on the furniture in the house for purposes of depreciation allowance for the year 1945. He claimed in his return that the furniture should have been valued at $5,000, whereas it was valued by the Commissioner at $1,000 and this was affirmed by the Tax Court, that court finding that some of the furniture had been placed in the cottage for storage and was not depreciable in the same way as ordinary furnishings. The Board was clearly right in holding that the casualty loss was deductible in the year 1944 instead of 1945. The other matters involved are pure questions of fact as to which we are bound by the findings of the Tax Court unless we are prepared to hold that they are clearly wrong. We would not be justified in so holding.

Affirmed.