**J. Russell PARSONS and Margaret C. Parsons, Appellees,**

v.

**UNITED STATES of America, Appellant.**

**No. 11612.**

United States Court of Appeals Third Circuit.

Argued Oct. 20, 1955.

Decided Nov. 30, 1955.

---

3. Union Oil Co. of California v. Smith, 249 U.S. 337, 348, 39 S.Ct. 308, 311, 63 L.Ed. 635.

4. Biglow v. Conradt, 9 Cir., 159 F. 868, 870.

Louise Foster, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Louise Foster, Sp. Assts. to Atty. Gen., Raymond Del Tufo, Jr., U. S. Atty., George J. Rossi, Asst. U. S. Atty., Newark, N. J., on the brief), for appellant.

F. Earl Walter, Jr., Newark, N. J. (Shanley & Fisher, Frank L. Bate, Newark, N. J., Joseph J. McGrath, 3rd, New York City, of the New York Bar, on the brief), for appellees.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

The district court has granted a taxpayer an income tax refund for the year 1949 and the government has appealed. The only matter in dispute is the amount of depreciation allowable upon the taxpayer's former residence which had been converted into rental property at the beginning of the taxable year.

The taxpayer built the house at a cost of approximately $30,000. Several years later, when he converted the structure into income producing property, its market value had increased, without additional capital investment, to more than $50,000. The Commissioner has required the taxpayer to use the $30,000 figure as the basis for depreciation. The taxpayer contends that $50,000 is the correct basis.

Both parties agree that the controlling language of the Internal Revenue Code 1939, is the provision of Section 113(a), 26 U.S.C.A. § 113(a), that "the basis of property shall be the cost of such property." They differ as to whether in the present circumstances "cost" means the taxpayer's capital investment in the property or its value at the time of conversion from residential to business use.

■ The taxpayer's position is demonstrably unsound. He is treating the rental enterprise, to which he has newly committed his property, as if it were a taxpayer. It will hardly be disputed that "cost to the taxpayer" as represented by "the taxpayer's outlay is the measure of his recoupment through depreciation accruals." See Detroit Edison Co. v. Commissioner, 1943, 319 U.S. 98, 102, 63 S. Ct. 902, 904, 87 L.Ed. 1286. But the rental business is not the taxpayer. Thus the accounting concept of a "business cost" to this enterprise, however useful and appropriate it may be in other connections, has no proper place in the computation of allowable depreciation here. The cost with which we are concerned is a concomitant of acquisition by a taxpayer. And a taxpayer cannot acquire what he already owns by devoting it to a new use. Consistent with this view, neither the taxpayer's research nor our own has revealed any adjudication except the one here on appeal allowing depreciation in excess of the taxpayer's actual outlay.

■ The taxpayer seeks to avoid this result by urging his view of the logic of certain depreciation cases in which the value of former residential property at the time of conversion to rental use has been less than the taxpayer's original cost. It is true that in this situation the taxpayer cannot use a basis greater than market value on conversion for his projection and computation of depreciation. McKean v. Commissioner, 1946, 6 T.C. 757; Perkins v. Commissioner, 1940, 41 B.T.A. 1225, affirmed per curiam, 6 Cir., 1942, 125 F.2d 150; Hickman v. Commissioner, 1953, P–H T.C.Mem.Dec. par. 53,017, affirmed per curiam, 4 Cir., 1953, 207 F.2d 460; cf. Bok v. Commissioner, 1942, 46 B.T.A. 678, affirmed on another point, Helvering v. Bok, 3 Cir., 1942, 132 F.2d 365; Thatcher v. Commissioner, 1931, 24 B.T.A. 1130. But there is a distinct reason for this. The depreciation conception is a conception of loss. The income tax laws take the depreciation of business property into account to the extent claimed and established as a loss sustained from year to year. Thus, total allowance for depreciation over the years cannot exceed the total loss which can be shown as a possibility over the entire period for which depreciation may be claimed.

An analogy may make this clearer. The Internal Revenue Code has long pro-

vided that in determining the deduction allowable for loss on the sale of property acquired before March 1, 1913, the taxpayer's basis shall be the fair market value on March 1, 1913. But cases have arisen in which the March 1, 1913 value has been greater than the taxpayer's cost. In that situation no loss deduction is permitted on a subsequent sale which yields the taxpayer less than his statutory basis, the 1913 value, but more than his actual capital outlay. United States v. Flannery, 1925, 268 U.S. 98, 45 S.Ct. 420, 69 L.Ed. 865; Heiner v. Tindle, 1928, 276 U.S. 582, 48 S.Ct. 326, 72 L.Ed. 714. This result is not in derogation of the statutory basis. Rather it is a recognition of the distinct and additional consideration that a deduction allowed for loss cannot exceed the loss actually sustained by the taxpayer.

 In the present case we are concerned with property which as a matter of law was not depreciable for tax purposes so long as the taxpayer used it for a residence. However, the taxpayer's cost, his capital investment in the structure, remains under Section 113(a) a limitation upon the total depreciation which may be allowable after conversion to business use. At the same time, because the value at the time of conversion represents the maximum loss that can be suffered during the entire period of allowable depreciation, that value also is a limitation.

If property has decreased in value between purchase and conversion this second limitation is the smaller amount and, therefore, is controlling. In the unusual situation of the present case where market value has increased between purchase and conversion without additional capital investment, the smaller capital outlay is the effective limitation.

Finally, it may be noted that this is one of the many situations in which the annual allowances for depreciation may not aggregate the replacement value of the business property. But if this is viewed as harsh or objectionable, the vice is inherent in the fact that the present statutory scheme of depreciation allow-

ances is based upon cost rather than replacement value. See Turner, Treatment of Depreciation on Replacement Values, 1949, Proceedings 7th Annual Institute of Federal Taxation, 58, 62.

It follows that the district court was mistaken in allowing a basis of depreciation greater than the taxpayer's capital outlay.

The judgment will be reversed.