*Decision will be entered under Rule 50.*

LAWRENCE Y. S. AU AND WRONA K. H. AU, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 88778.   Filed May 10, 1963

Lawrence Y. S. Au, pro se.
*Aaron S. Resnik,* for the respondent.

## OPINION

OPPER, *Judge:* The evidence appears far from sufficient to sustain petitioner's burden of proof that on January 1, 1957, a partnership was entered into to which the automobile in question could have been contributed. While the existence of a partnership or even a joint venture is a question of the intent of the parties, *Nellie Russo Linsenmeyer*, 25 T.C. 1126 (1956), external evidence to substantiate or contradict their statements may be relied on. See, e.g., *Commissioner* v. *Culbertson*, 337 U.S. 733 (1949). The failure to file any partnership return except as an afterthought or to comply with the requirements of local law,[1] while not decisive if a joint venture actually existed, is some evidence as to whether there ever was any such intention. We cannot lightly assume a violation of law. *Harry Sackstein*, 14 T.C. 566, 569 (1950).

If we were forced to face the issue and conclude that in fact a joint venture was formed, it seems much more likely that it came into being in about June, when the actions upon which petitioner relies took place. It was then that the joint bank account was opened, that petitioner for the first time was collecting fees from a client of his own [2] and that the supposed partners began sharing an office. But, on petitioner's own testimony, by that time the automobile in question had been devoted to business use for over 5 months. Any basis to him would, accordingly, have had to be adjusted long since. *Heiner* v. *Tindle*, 276 U.S. 582 (1928), and petitioner's "adjusted basis" with respect to which the partnership contribution would have been made would, even on petitioner's theory, be no more than the fair market value on the date of conversion.

What seems more probable, however, is that the payments made to petitioner, either out of the joint bank account or in some other undisclosed way by his brother, were in payment for the "leg work" [3] which,

---

[1] Under the territorial laws of Hawaii a license to engage in the accounting business as a partnership would have been necessary if Alfred and petitioner conducted their business as a partnership. Hawaii Rev. Laws, sec. 117–10 (1955).

[2] See the statement in petitioner's reply brief that he "had only one client (Kaimuki Bakery) from whom he grossed $900.00 from June to December."

[3] Alfred testified that "I helped him out on his account and he did a lot of leg work on my accounts * * *."

according to the undisputed testimony, he performed with respect to the accounting services which his brother was rendering and as some sort of rental of the car.[4] For reasons which will presently appear, however, we find it unnecessary to decide any of these questions.

Even if there were a partnership or joint venture and even if it was created at the time of the contribution to it of petitioner's automobile, the basis upon which the partnership or petitioner could claim depreciation would still be the fair market value on the date of the contribution.

"Respondent's computation of depreciation on the basis of fair market value at the time of acquisition [by the partnership] must, we think, be approved, not because the acquisition is significant, but because that happens also to be the time of conversion." *Ralph Perkins*, 41 B.T.A. 1225, 1227 (1940), affirmed per curiam 125 F. 2d 150 (C.A. 6, 1942).

Depreciation is a fact and must be taken into account even where there is no provision for its deduction as in the case of properties devoted to personal use. *Helvering* v. *Owens*, 305 U.S. 468 (1939). Petitioner's automobile, which, according to his theory, was used only for personal purposes before its contribution to the putative partnership, had no depreciation basis prior to that time. In *Ralph Perkins*, *supra*, where donated property was simultaneously converted to business use, we said: "Even though the conversion took place at the moment of acquisition * * * it was nevertheless a conversion, since the property had no depreciation base before." *Ralph Perkins, supra* at 1227. See *Robert H. Montgomery*, 37 B.T.A. 232 (1938). The basis for depreciation, whether of petitioner or of the partnership, is computed upon conversion value, just as it would be if there had been no transfer to the partnership. See *Charles J. Thatcher*, 24 B.T.A. 1130, 1132 (1931).

While the terms of the applicable provision[5] of the 1954 Code vary somewhat from those of its predecessor,[6] it is clear that Congress intended no change in this respect:

Contributions to a partnership will have the same effect * * * as under present practice. No gain or loss is to be recognized either to the contributing part-

---

[4] Alfred testified that the office he had occupied the previous year had been torn down and that petitioner's car "was used as a mobile office in which all of the equipment was packed [and we] went out and worked on our accounts operating from the car * * *."

[5] SEC. 723 [I.R.C. 1954]. BASIS OF PROPERTY CONTRIBUTED TO PARTNERSHIP.

The basis of property contributed to a partnership by a partner shall be the adjusted basis of such property to the contributing partner at the time of the contribution.

[6] SEC. 113 [I.R.C. 1939]. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be cost of such property ; except that—

* * * * * * *

(13) PARTNERSHIP.—If the property was acquired * * * by a partnership * * * the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer * * *.

ner or to the partnership. The property contributed to a partnership is to have the same basis to the partnership for purposes of gain, loss, depreciation, and so forth, as in the hands of the contributor.

S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. 94 (1954).

It seems to us to follow that respondent was correct in attributing as its basis the fair market value of the automobile at the time of its conversion to business use, whether as a contribution to the partnership or as the continuing individual property of petitioner.

We find no adequate evidence of fair market value sufficient to overcome the presumption of correctness of respondent's determination. The only witness on the subject was petitioner's brother, whose qualifications as an expert in the valuation of secondhand automobiles are questionable, to say the least. We have accordingly found as a fact that the fair market value of the automobile on the date of its conversion was the amount determined by respondent.

*Decision will be entered for the respondent.*